**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONNIE EUGENE LILLARD,<br><br>　　　　Petitioner - Appellant,<br><br>　v.<br><br>ISRAEL JACQUEZ,<br><br>　　　　Respondent - Appellee. | No. 23-4133<br><br>D.C. No.<br>3:23-cv-00026-IM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted April 22, 2025**

Before: 　GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Federal prisoner Lonnie Eugene Lillard appeals pro se from the district

court's order denying his petition for a writ of habeas corpus under 28 U.S.C.

§ 2241 challenging prison disciplinary proceedings that resulted in the loss of good

conduct time. We have jurisdiction under 28 U.S.C § 1291. Reviewing de novo,

---

* 　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** 　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*see Lane v. Salazar*, 911 F.3d 942, 947 (9th Cir. 2018), we affirm.

Lillard contends that his procedural due process rights were violated because (1) he was not provided sufficient notice of the allegations against him, (2) the Unit Disciplinary Committee ("UDC") counselor who reviewed the incident report was significantly involved in, a witness to, or an investigator of the incident, and (3) the Disciplinary Hearing Officer ("DHO") was biased against him and imposed sanctions in a retaliatory manner. However, the record demonstrates that the incident report adequately notified Lillard that the charges were based on emails he sent on a specific date, *see Zimmerlee v. Keeney*, 831 F.2d 183, 188 (9th Cir. 1987) (discussing notice necessary to satisfy due process), and the UDC counselor's role was limited to referring the incident report to the DHO for review, *see* 28 C.F.R. § 541.7(a)(3). Moreover, neither the content nor the method of imposing sanctions shows bias by the DHO. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (unfavorable or adverse rulings alone are insufficient to show bias "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). Lillard received all the process due under *Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974), and the disciplinary violation is supported by some evidence, *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

**AFFIRMED.**

23-4133